Reo L. Knauss petitioned this court for a writ of habeas corpus after a petition for such writ had been refused by one of the judges of the district court of Burleigh county. The petition shows that the petitioner is confined to the county jail in the custody of the respondent upon the order of the police magistrate of the city of Bismarck.
The petitioner was convicted before the police magistrate of the city of Bismarck of the violation of a city ordinance and sentenced to serve thirty days in jail and pay a fine of $25. He was committed and after serving four days in jail he filed with the magistrate an undertaking in the sum of $50 and a notice of appeal to the district court whereupon he was released from custody. The magistrate certified the record to the clerk of the district court of Burleigh county. Thereafter, the magistrate ordered the petitioner to be remanded to the custody of the sheriff. The petitioner contends that this custody is wrongful and unlawful. It is urged that when the magistrate certified the case to the district court he lost jurisdiction and therefore had no power to remand the petitioner to jail. It is contended on behalf of the respondent that the appeal was not taken in time and was wholly void and without effect, and that, therefore, the jurisdiction of the case remained in the magistrate and was never transferred to the district court.
The petitioner was convicted and sentenced on February 28, 1941. The notice of appeal and undertaking was filed in the magistrate's court and the undertaking approved by the magistrate on March 4, 1941, four days after the conviction and sentence.
Section 3655, N.D. Comp. Laws 1913, deals with appeals from convictions before police magistrates and provides, "Appeals. In all actions before such magistrate arising under the ordinances of the city, an appeal may be made by the defendant to the district court of the county; but no appeal shall be allowed unless such defendant shall within ten days in the case of fine, and within twenty-four hours in case of imprisonment, enter into an undertaking with sufficient surety *Page 648 
to be approved by the magistrate, conditioned in case of fine for the payment of said fine and costs and costs of appeal, and in case of judgment for imprisonment, that he will render himself in execution thereof if it should be determined against the appellant."
Section 3660 provides that, "appeals may be taken to the district court from all decisions of said court in the same manner as is provided for taking appeals from justices' courts, and the district court shall, on such appeals, take judicial notice of all the ordinances of said city."
This controversy centers around that provision of § 3655, supra, fixing ten days as the time for appeal in case of fine and twenty-four hours in case of imprisonment. In this case the sentence provided both fine and imprisonment. The petitioner contends that his appeal is from the conviction which resulted in both fine and imprisonment and since he is entitled to ten days in which to appeal "in case of fine" under the statute, he is entitled to ten days in which to appeal from the entire judgment of conviction. The respondent on the other hand contends that the time within which the petitioner could appeal from a sentence involving imprisonment lapsed before his appeal was perfected and that the sentence of imprisonment is not affected by the appeal. It was upon this theory that the city magistrate remanded him to jail. The respondent also contends that the appeal, even if considered as having been taken in time, is fatally defective in regard to two matters; first, that the notice of appeal was not served on the city attorney, and second, that the undertaking was limited to $50 when it should have been unlimited as to amount.
We will first consider the construction of § 3655 N.D. Comp. Laws 1913, with reference to the time of taking the appeal. This section is silent as to appeals from judgments prescribing both fine and imprisonment. It is clear that when the judgment is for imprisonment only, the time for appeal is limited to twenty-four hours. It is also clear that where a fine only is provided the defendant has ten days within which to appeal. When an appeal is taken it is from the judgment of conviction. The notice of appeal in this case demands a new trial. If the appeal has been perfected, the district court will re-examine the primary issue, the guilt or innocence of the defendant. Where a defendant has been convicted and both fine and imprisonment adjudged, *Page 649 
the legislature could not have intended a procedure so inept that he would be given twenty-four hours to appeal from his imprisonment and ten days to appeal from his fine when both are embodied in the same judgment. The punishment is incidental to and follows from the conviction. But one appeal lies from the conviction and there is but one limitation to the time within which that appeal may be taken. That time is the longer of the two specified in the statute — ten days. The appeal in this case, having been taken within ten days, it was in time and operated to deprive the magistrate of jurisdiction to enter further orders affecting the petitioner's liberty. After he certified the case to the district court, he could not thereafter remand the petitioner to custody.
The petitioner filed a notice of appeal with the magistrate but did not serve it upon the city attorney. The respondent contends that § 3660, N.D. Comp. Laws 1913, quoted above, makes the appellate practice in justice courts applicable here as to matters of procedure and that under the practice prescribed by § 9175, the notice of appeal must be served when not given orally at the time of rendering judgment. It is also contended that the undertaking is not sufficient because it is limited to $50 in amount. For these reasons it is urged that the appeal is wholly void and of no effect and that the magistrate might disregard it. These defects are at best only such as may be urged in the court to which the record was certified. No jurisdiction remained in the magistrate and he could not enter further orders in the case until the appeal had been disposed of by the appellate court. We are satisfied that his order remanding the petitioner to custody was issued wholly without authority and is void. The petitioner is entitled to be discharged.
BURR, Ch. J., and CHRISTIANSON, NUESSLE, and BURKE, JJ., concur. *Page 650